**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**CLEXTON J. MIDDLETON,**

        **Plaintiff,**

**v.**                                                  **Case No. 3:06cv417/MCR/EMT**

**CSX TRANSPORTATION, INC.,**

        **Defendant.**
        _____/

**O R D E R**

This case arises from Defendant CSX's failure to hire Plaintiff Clexton J. Middleton as a freight conductor.  Middleton has filed a two-count complaint alleging that CSX violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq. and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 et seq. and that CSX breached its employment contract with Middleton.  Pending before the court is CSX's Motion for Summary Judgment.[1]  For the reasons that follow, the motion is GRANTED.

**BACKGROUND**

Middleton is a thirty-four year old male.  At the time of the events in this case, he was five feet and eleven inches (5'11") tall, and weighed approximately three-hundred and fifty (350) pounds. He had been previously diagnosed with sleep apnea and hypertension. In 2005, Middleton applied for a position as a freight conductor with CSX, a railroad transportation company operating in the Eastern United States and Canada.  CSX made an offer of employment to Middleton by letter dated April 12, 2005, contingent on Middleton's successful completion of an authorized Freight Railroad Conductor Training Course, passing a pre-employment physical examination and "strength test",[2] and a

---

[1] See doc. 48; see also docs. 59 (Middleton's memorandum in opposition); 64 (CSX's reply); 73 (CSX's supplemental brief); and 74 (Middleton's response to CSX's supplemental brief).

[2] The "strength test", otherwise known as the "physical capability test", was designed to determine whether applicants had the physical ability to be freight conductors.  The test measured the amount of force generated by different muscle groups in relation to the applicant's weight.  The test was administered by an independent company which then analyzed the data and submitted the results to CSX.

background check.  Middleton met all the prerequisites to employment, except passing the strength test.  After learning that Middleton had failed the strength test, CSX rescinded its conditional offer of employment.  Middleton then sought and was denied alternate employment with CSX.  Middleton filed an Administrative Complaint with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations dated January 6, 2006, in which he alleged that he was denied the freight conductor position because of his weight.  After the EEOC issued a "Dismissal and Notice of Rights", Middleton timely filed a complaint in this court on September 27, 2006.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "The mere existence of *some* alleged factual dispute between the parties," however, "will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986) (emphasis in original).  A dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  A fact is "material" if it may affect the outcome of the case under the applicable substantive law.  See id.

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the moving party's pleadings.  Instead, the nonmoving party must respond by affidavits or otherwise and present specific allegations showing that there is a genuine issue of disputed fact for trial.  Fed. R. Civ. P. 56(e). When assessing the sufficiency of the evidence, the court must view all the evidence, and all factual inferences reasonably drawn therefrom, in the light most favorable to the nonmoving party.  See Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993).  A mere scintilla of evidence in support of the nonmoving party's position will not suffice to demonstrate a

genuine issue of material fact and thereby preclude summary judgment.  See Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the nonmoving party.

**DISCUSSION**

In his complaint, Middleton alleges that CSX discriminated against him in violation of the ADA and Section 504 of the Rehabilitation Act when it failed to hire him as a freight conductor because of his weight.  Middleton also alleges that CSX breached its contract with Middleton when it rescinded its offer of employment.

### A.  Disability Discrimination Claim

The ADA provides that "no [employer] shall discriminate against a qualified individual with a disability because of the disability of such an individual."[3]  Greenberg v. Bellsouth Telecomms., Inc., 498 F.3d 1258, 1263 (11th Cir. 2007) (quoting 42 U.S.C. § 12112(a) (internal quotation marks omitted)).  To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that he (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of his disability.  Id. (quoting Cash v. Smith, 231 F.3d 1301, 1305 (11th Cir. 2000) (internal quotation marks omitted)).  A plaintiff is disabled under the ADA if he (A) has a physical or mental impairment that substantially limits one or more major life activities; (B) has a record of such an impairment; or (C) is regarded as having such an impairment.  Id. at 1264 (quoting 42 U.S.C. § 12102(2) (internal quotation marks omitted)).  In this case, Middleton asserts that he is disabled because either he has a physical impairment that substantially limits him in one or more major life activities ("disability in fact" under prong (A)) or because CSX regarded him as having such an impairment ("perceived or regarded as disability" under prong (C)).

---

[3] "Discrimination claims under the Rehabilitation Act are governed by the same standards used in ADA cases" and "[c]ases decided under the Rehabilitation Act are precedent for cases under the ADA, and vice versa."  Cash v. Smith, 231 F.3d 1301, 1305 and n.2 (11th Cir. 2000) (citing 29 U.S.C. § 794(d); Pritchard v. Southern Co. Servs., 92 F.3d 1130, 1132 n.2 (11th Cir. 1996)).  Thus the court's discussion of Middleton's claim under the ADA applies equally to his claim under the Rehabilitation Act.

Case No: 3:06cv417/MCR/EMT

### *1. Disability in Fact*

To establish a prima facie case under the disability in fact prong, a plaintiff must first show that he suffers from a physical or mental impairment within the meaning of the ADA. The EEOC has issued regulations implementing the ADA in which it defines a "physical impairment" as:

> Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lyphatic, skin, and endocrine . . . .

29 C.F.R. § 1630.2(h)(1). The EEOC regulations also state that the "definition of impairment does not include physical characteristics such as eye color, hair color, left-handedness, or height, weight or muscle tone that are within 'normal' range and are not the result of a physiological disorder." 29 C.F.R. Pt. 1630, App. § 1630.2(h).

Middleton argues that, based on his weight and height, he is morbidly obese and thus has a physical impairment under the ADA.[4] Obesity, even morbid obesity, however, does not constitute a physical impairment unless it is the result of a physiological disorder or condition.[5] See EEOC v. Watkins Motor Lines, Inc., 463 F.3d 436, 443 (6th Cir. 2006); Francis v. City of Meriden, 129 F.3d 281, 285 (2d Cir. 1997); Andrews v. State of Ohio, 104 F.3d 803, 808 (6th Cir. 1997); Cordero v. Florida Dep't of Envtl. Prot., 2007 WL 2972988 *4 (N.D.Fla. Oct. 9, 2007); Dale v. Wynn, 497 F.Supp.2d 1337, 1342 (M.D.Ala. 2007); Merker v. Miami-Dade County, Florida, 485 F.Supp.2d 1349, 1353 (S.D.Fla. 2007); Coleman v. Georgia Power Co., 81 F.Supp.2d 1365, 1369 (N.D.Ga. 2000); Fredregill v. Nationwide Agribusiness Ins. Co., 992 F.Supp. 1082, 1089 (S.D.Iowa 1997). In addition, to constitute a physical impairment a person's obesity must also affect one of the body

---

[4] Middleton also argues that his sleep apnea and hypertension constitute physical impairments. Middleton, however, has presented no evidence that CSX discriminated against him because of either of these conditions and thus it is inconsequential whether these conditions constitute physical impairments. See Coleman v. Georgia Power Co., 81 F.Supp.2d 1365, 1370 n.6 (N.D.Ga. 2000).

[5] The court finds that the comma separating "disorder" and "or condition" in § 1630.2(h)(1) is scrivener's error and thus both disorders and conditions must have a physiological basis to be protected by the ADA. See EEOC v. Watkins Motor Lines, Inc., 463 F.3d 436, 444 (6th Cir. 2006) (Gibbons, J. concurring).

systems listed in § 1630.2(h)(1). Coleman, 81 F.Supp.2d at 1369. Limiting the ADA's protections in these ways is necessary to conform to the plain language of § 1630.2(h)(1) which requires that a physical impairment be a "physiological disorder, or condition" which affects a listed body system. 29 C.F.R. § 1630.2(h)(1). These limitations are also necessary to prevent a dilution of the ADA. Coleman, 81 F.Supp.2d at 1370 (citing Forrisi v. Bowen, 794 F.2d 931, 934 (4th Cir. 1986)). The ADA was only intended to protect those who are truly disabled, not to serve as a "catch-all cause of action for discrimination based on appearance, size, and any number of other things far removed from the reasons the statutes were passed." Id. (quoting Fredregill, 992 F.Supp. at 1091) (internal quotation marks omitted); Watkins, 463 F.3d at 442-43; Francis, 129 F.3d at 286-87 (citations omitted).[6]

In this case, Middleton has not presented any evidence to show that his obesity is the result of a physiological disorder or condition. Middleton stated in his deposition that he has been diagnosed as morbidly obese, but could not recall being informed of a precipitating physiological basis for his weight. Further, past testing has revealed that Middleton does not have a thyroid problem and there is no history of obesity in Middleton's immediate family.[7] Finally, although Middleton's treating physician testified that he considered Middleton obese, he had no medical opinion as to any physiological basis for Middleton's obesity. Therefore, because the record does not contain a genuine issue of material fact on the question of whether Middleton's obesity is the result of a physiological disorder or condition, he cannot show a physical impairment and summary judgment on

---

[6] The court declines Middleton's invitation to find that any individual who is "morbidly obese" has a physical impairment regardless of whether the individual's obesity is the result of a physiological disorder or condition. Expanding the definition of physical impairment in this way is contrary to the plain language of the regulations and would be impractical and imprudent. For example, adopting Middleton's definition could result in one individual being considered physically impaired because he weighs slightly enough to be morbidly obese, while another individual weighing only one pound less would not be considered physically impaired. This definition could also result in a single individual being considered physically impaired one week and not impaired the next if his weight fluctuates between levels constituting morbid and non-morbid obesity.

[7] Additionally, the record does not reflect that Middleton's obesity is caused by either his sleep apnea or hypertension.

his disability in fact claim is appropriate.[8]

### *2. Perceived or Regarded As Disability*

To establish a prima facie case under the perceived or regarded as disability prong, a plaintiff must prove that he (1) has a physical or mental impairment that does not substantially limit major life activities, but is treated by a covered entity as constituting such a limitation; (2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitude of others toward such impairment; or (3) has no such impairment, but is treated by the covered entity as having a substantially limiting impairment. See 29 C.F.R. Pt. 1630, App. § 1630.2(l); Sutton v. United Air Lines, Inc., 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). To be covered under this prong, a plaintiff must show that the defendant believed, even mistakenly, that he had an impairment within the meaning of the ADA. See Francis, 129 F.3d at 285 ("[P]laintiff must allege that the employer believed, however erroneously, that the plaintiff suffered from an 'impairment' that, if it truly existed, would be covered under the statutes and that the employer discriminated against the plaintiff on that basis."); Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 381 (3d Cir. 2002) (internal quotation marks omitted) ("[T]he employer must regard the employee to be suffering from an impairment within the meaning of the statutes, not just that the employer believed the employee to be somehow disabled."). Middleton has not presented any evidence to show that CSX believed, rightly or wrongly, that he had a physical impairment for purpose of the ADA; i.e. that his obesity was the result of a physiological disorder or condition. Summary judgment in favor of CSX on Middleton's

---

[8] The Eleventh Circuit's holding in Greenberg does not require a contrary finding. In that case, the district court did not reach the issue of whether the plaintiff's obesity constituted a physical impairment. Greenberg, 498 F.3d at 1262. Instead the district court granted summary judgment because the plaintiff could not show that he was, had a record of being, or was regarded as being substantially limited in a major life activity. Id. The Eleventh Circuit affirmed on this basis without determining whether the plaintiff's obesity constituted a physical impairment. Id. at 1264-65. The decisions in Cook v. State of Rhode Island, Dep't of Mental Health, Retardation, and Hosps., 10 F.3d 17 (1st Cir. 1993) and Butterfield v. New York State, 1998 WL 401533 (S.D.N.Y July 15, 1998) also do not require a contrary finding. In both cases the plaintiff presented evidence showing that his or her obesity was the result of a physiological disorder or condition. See Cook, 10 F.3d at 23 (plaintiff presented evidence that her morbid obesity was a "physiological disorder involving a dysfunction of both the metabolic system and the neurological appetite-suppressing signal system"); Butterfield, 1998 WL 401533 at *8 (plaintiff presented evidence that his morbid obesity was the result of a genetic condition).

Case No: 3:06cv417/MCR/EMT

claim under the perceived or regarded as prong is thus appropriate.[9]

### B. Breach of Contract Claim

Summary judgment is appropriate on Middleton's breach of contract claim for two reasons. First, Middleton failed to perform a condition precedent to the contract when he failed to pass the strength test and thus CSX's decision to rescind its conditional offer of employment does not constitute a material breach of contract.[10] See Lewis Communications, Inc. v. Zohouri Seagrove, L.P., 2007 WL 2688521 *8 (N.D.Fla. Sept. 11, 2007) (citations omitted). Second, even if Middleton had been hired as a freight conductor, his employment would have been at will.[11] Under Florida law there is no cause of action for breach of an at will employment contract. DeMarco v. Publix Super Markets, Inc., 384 So.2d 1253, 1254 (Fla. 1980) (per curiam) (citations and internal quotation marks omitted) ("Where the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract."). Middleton has come forward with no facts showing he was offered a definite term of employment with CSX.

Accordingly, it is hereby ordered:

1.	Defendant's motion for summary judgment (doc. 48) is GRANTED; and

---

[9] Because the court finds that Middleton has not shown that he has a physical impairment or was regarded as having a physical impairment, the court need not consider the other elements of the prima facie case; i.e. whether Middleton was substantially limited or regarded to be substantially limited in a major life activity, whether he was otherwise qualified for the position of freight conductor, and whether CSX discriminated against Middleton on the basis of his asserted disability. See, e.g., Watkins, 463 F.3d at 443.

[10] Middleton's offer letter stated that "[t]his letter is an offer of employment, which is contingent upon several factors" including "passing a physical capability test." (Middleton Depo. D.Ex. 7). Middleton does not dispute that his employment was contingent on his passing the strength test. Instead he argues that there is an issue of material fact as to whether he passed the strength test because his final score passes the minimum requirement if his total force is simply divided by his weight, which he believes is the calculation used. Middleton, however, has presented no evidence to refute CSX's proffered evidence that an applicant's final score on the strength test is not calculated solely by dividing the applicant's amount of force by the applicant's weight. See Gilliam Decl. at 2, doc. 53-5.

[11] Middleton's application clearly stated that "employment with [CSX] is at will and that either I or the company can terminate my employment and compensation, with or without cause, and with or without notice, at any time." (Middleton Depo. D.Ex. 5). Further, Middleton's offer letter did not state a definite period of employment. (Middleton Depo. D.Ex. 7).

Case No: 3:06cv417/MCR/EMT

2. Final judgment is entered in favor of the defendant, with taxable costs assessed against plaintiff. Plaintiff shall take nothing by this action. The Clerk of Court is directed to CLOSE this case.

DONE AND ORDERED on this 28th day of March 2008.

                                        s/ *M. Casey Rodgers*
                                        **M. CASEY RODGERS**
                                        **UNITED STATES DISTRICT JUDGE**